IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN SISSOM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1512-G-BN |
| | § | |
| UNIVERSITY OF TEXAS HIGH SCHOOL, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

# **MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Plaintiff Ryan Sissom has filed a *pro se* action against the University of Texas High School, the University of Texas, and individuals associated with both institutions, alleging "deliberate, discriminatory acts against [him], that together amount to racketeering." Dkt. No. 2 at 1 ("Sissom claims that UTHS, its staff and Supervisor, in concert with UT staff, operated a criminal enterprise against him under color of an educational institution."); *see id.* at 2 ("Since the Individual Defendants executed their acts in violation of 18 U.S.C. § 1961, this action is properly brought pursuant to [the] Racketeer Influenced and Corrupt Organizations Act (RICO).").

Senior United States District Judge A. Joe Fish has referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Sissom contends that venue for this civil RICO action "is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) and RICO's venue provision, 18 U.S.C. § 1965(a) and (b)." Dkt. No. 2 at 3. Sissom is correct that, to determine proper venue here, the

Court looks to the general venue provision, Section 1391, as augmented by the RICO venue provisions. *See, e.g., S.D. Warren Co. v. Engelman*, Civ. A. No. 87-8339, 1988 WL 97661, at *4 (E.D. Penn. Sept. 21, 1988) ("The RICO venue provisions are not exclusive, but are supplemental to those found in 28 U.S.C. § 1391." (collecting cases)).

Under the general provision, venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b); *cf. Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 144, 147 (D.D.C. 2008) ("Civil RICO is a statutory tort remedy – simply one with particularly drastic remedies. To determine where transactional venue will lie in a tort action, courts typically look to where the allegedly tortious actions occurred and where the harms were felt." (citations, internal quotation marks, and ellipses omitted)).

But the RICO venue provisions Sissom cites are broader. Section 1965(a) "states that a civil action against a person under RICO may be instituted in the district court of the United States for 'any district in which the person resides, is found, has an agent, or transacts his affairs,'" but the seemingly broad "'transacts his affairs' language of the statute has been construed to require a level of regular, substantial and continuous activity within the forum so as to establish venue." *Anchor Glass Container Corp. v. Stand Energy Corp.*, 711 F. Supp. 325, 329-30 (S.D. Miss. 1989) (quoting 18 U.S.C. § 1965(a); citations omitted). And Section 1965(b), "intended to enable a plaintiff to bring before a single court for trial all members of a nationwide

RICO conspiracy," "effectively operates as a waiver of the applicable venue requirements if the 'ends of justice' so require." *Id.* at 330 (citations omitted).

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte. See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) ("A transfer of venue may be made upon the motion of any party or by the court *sua sponte.*" (collecting cases)).

Sissom, a resident of Bastrop County, Texas, *see* Dkt. No. 2 at 2, which lies within the Austin Division of the Western District of Texas, *see* 28 U.S.C. § 124(d)(1), has sued institutions "located in Austin, Texas," Dkt. No. 2 at 2, and individuals employed by those institutions based on events that occurred in Austin, *see id.* (the alleged "enterprise ... result[ed] in the denial of Sissom's goal of being in the top 7% of his class and attaining scholarships and grants that go to top students in Texas schools").

Sections 1391(b)(1) and (2) therefore favor venue in Austin. And the broader RICO venue provisions do not require a different result based on the "ends of justice." *Cf. Crenshaw v. Antokol*, 287 F. Supp. 2d 37, 44 (D.D.C. 2003) ("The court concludes

that venue in the District is improper under both section 1391(b) and section 1965.... The vast majority of the defendants have no ties whatsoever to the District and none of the events in dispute took place here." (collecting cases)).

Accordingly, this action will be transferred under the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6 to the Austin Division of the Western District of Texas on **June 26, 2017**, to allow any party 14 days to file an objection to Judge Fish under Federal Rule of Civil Procedure 72(a).

If an objection is filed, the order of transfer is stayed pending further order of the Court.

SO ORDERED.

DATED: June 9, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE